THE GUARDIAN FINANCING CO. v. DAVIDSON ET AL.

*Receivers—Equity court may appoint, independent of statutory authorization, when—Proper final equitable relief prerequisite to appointment for corporation, when—Appointing receiver, without notice and hearing, abuse of discretion.*

1. Independent of statutory authorization, a court of equity has power to appoint a receiver for a corporation, and the appointment of a receiver according to the usages of equity is, as a general rule, discretionary, but such discretion cannot be exercised arbitrarily.

2. To justify the appointment of a receiver of a corporation, displacing its board of directors, it is essential, in the absence of statutory authorization, that facts be alleged in the petition showing a right to some proper final relief in equity.

3. The appointment of a receiver without notice upon the allegations of the petition in the instant case was a gross abuse of discretion.

(Decided December 10, 1924.)

ERROR: Court of Appeals for Summit county.

*Messrs. Sieber, Sieber & Amer,* for plaintiff in error.

*Messrs. Davis, Young & Vrooman* and *Messrs. Commins, Brouse, Englebeck & McDowell,* for defendants in error.

WASHBURN, J. In the court below, certain stockholders brought an action asking that a receiver be appointed to take charge of and operate the business of the Guardian Financing Company. The record discloses that before the petition was filed, and before any summons had been issued thereon,

and without any notice to any one, said petition was presented to a judge of the common pleas court, which judge granted the prayer of the petition and approved a journal entry appointing a receiver for said corporation.

Such petition and journal entry were then filed with the clerk, the bond of the receiver was filed, and a summons was later issued and served. The corporation very promptly made a motion to discharge the receiver, for the reason that the judge had no power to appoint a receiver, there being no suit pending at the time of such appointment, and for the further reason that the allegations of the petition were not such as to authorize the appointment of a receiver without notice and a hearing upon evidence. This motion was overruled and exceptions taken, and such ruling is before this court on error proceedings.

Upon the hearing of such motion, no evidence was taken as to any of the allegations of the petition, the only evidence being as to the time of the filing of the papers and the circumstances under which the court acted in appointing a receiver.

The appointment of a receiver under such circumstances, when no suit was pending, was clearly unauthorized and void, and the motion to discharge the receiver should have been promptly granted.

But it is said that the hearing on the motion and the court's refusal to discharge the receiver amount, in substance, to the appointment of the receiver upon hearing, as of the time of the decision on said motion. That might be true if such hearing had been upon the question of whether or not a receiver should be appointed, in which hear-

ing evidence was taken as to the allegations of the petition, but no such hearing was had, nor was there any opportunity afforded for any such hearing; the hearing was confined to the palpable irregularity of the appointment and argument as to the allegations of the petition.

We do not regard the action of the court on the motion as tantamount to the appointment of a receiver upon notice and upon due and proper hearing, nor as legalizing an absolutely void appointment.

But there is another reason why the motion to discharge the receiver should have been granted. The action was not one for the dissolution of a corporation, brought by virtue of and in accordance with the chapter of the statutes providing for the dissolution of corporations, Section 11938 *et seq.*, General Code. Neither was it an action for the appointment of a receiver under either subdivision 1, 2, 3, 4, or 5 of Section 11894, General Code. It was an action invoking the power of a court of equity, independent of any statute, and the appointment of the receiver was improper unless sanctioned by the usages of equity.

It is true that a court of equity has inherent jurisdiction to appoint receivers of a corporation, in a proper case, independent of statutory authorization, and that the appointment of a receiver according to the usages of equity is, as a general rule, discretionary; but such discretion cannot be exercised arbitrarily, and courts of equity are properly very reluctant to assume the responsibilities involved in the appointment of receivers of corporations, because it is a practical displacement of the board of directors.

"It is an assumption of the functions of the directors. It displaces the board of managers placed there by the stockholders, who sustain the relation of trustees for the stockholders, trustees for the corporation, and trustees for its creditors; and before the court will take charge of the corporation and thus displace its chosen directors and managers, it ought to have the clearest evidence of the absolute necessity for such extraordinary action for the protection of the creditors, stockholders, and all parties concerned. It is no slight matter for a court of chancery to lay its hand upon large business enterprises, take them out of the control of capacity and experience, and charge them with expenses and commissions. It should only be done when the court can point to the specific allegation or allegations, sustained by creditable evidence, that will justify such action." 4 Pomeroy's Equity Jurisprudence, Section 1538.

"It is not the province of a court of equity to take possession of the property and conduct the business of corporations or individuals, except where the exercise of such extraordinary jurisdiction is indispensably necessary to save or protect some clear.right of a suitor, which would otherwise be lost or greatly endangered, and which cannot be saved or protected by any other action or mode of proceeding." *Overton, Trustee,* v. *Memphis & Little Rock Rd. Co.* (C. C.), 10 F., 866.

Moreover, "unless authorized by statute, there is no such thing as an action brought distinctly for the mere appointment of a receiver; to justify the appointment it is essential that some proper final relief in equity be asked for in the bill which will

justify the court in proceeding with the case." 4 Pomeroy's Equity Jurisprudence, Section 1539.

Without referring to the allegations of the petition in the case at bar, we think that if the facts alleged afford ground for any equitable relief separate and distinct from the appointment of a receiver, such relief is the ultimate dissolution of the corporation, and there is no allegation that the corporation is insolvent, or has forfeited its corporation rights, or that its dissolution will be beneficial to its stockholders and not injurious to the public interest, or that the objects of the corporation have wholly failed or been entirely abandoned, or that it is impracticable to accomplish such objects, some one or more of which allegations would be necessary in a statutory dissolution of the corporation; the provisions of the statutes not having been complied with, and the allegations of the petition not being sufficient to justify a dissolution of the corporation under the statutes, it would appear that the relief sought is distinctively for the mere appointment of a receiver to manage the corporation in the place of its directors; but if the petition can be construed as stating facts entitling the stockholders bringing the action to some equitable relief, as to which the appointment of a receiver may be said to be ancillary, still, considering the petition as a whole, we do not think it sets forth a case where a court of equity is justified in taking over the management of the corporation.

The petition charges no misconduct against the present directors, nor does it connect them with the past wrongdoing of the president, and the allegations as to any threatened or contemplated future action are very meager and indefinite.

"The principle must be borne in mind that a receivership is a preventative, not a punitive, measure. 'Courts do not appoint receivers as a punishment for past dereliction, nor because of past dangers. Receivers are appointed because of present conditions, and well-founded apprehension as to the future.'" 4 Pomeroy's Equity Jurisprudence, Section 1542.

While there are some cases which hold that where the property and assets of a corporation are being dissipated and fraudulently absorbed a court of equity may displace the management of guilty or negligent officials by the instrumentality of a receiver appointed by the court, and thus preserve and rightfully apply the assets and property of the corporation under the supervision of the court, and later restore the property and assets of the corporation to the officers of the corporation, when that is deemed prudent and proper, still in such suit by a stockholder a receiver will not be appointed to take the property out of the hands of the managers except as a last resort and when considered absolutely necessary for the preservation of the trust fund.

"The appointment of a receiver of a solvent corporation on the application of a minority stockholder is a very drastic remedy, which can be justified only in a very strong case." 4 Pomeroy's Equity Jurisprudence, Section 1542.

Judged by the allegations of the petition, this does not seem to be such a case, but even if upon a full and complete hearing a court of equity would be justified in appointing a receiver, we are decidedly of the opinion that the court could not prop-

erly appoint a receiver without notice and a full hearing.

"The appointment of a receiver, to take property from one who is, *prima facie,* entitled to its possession, before the ultimate rights of the parties can be satisfactorily determined, is such a harsh and extraordinary proceeding that the courts will seldom allow it to be done without notice having been given to the adverse party." 4 Pomeroy's Equity Jurisprudence, Section 1556.

"In a suit against a corporation for the appointment of a receiver, in any of those instances where a receiver is proper, the stockholders must conform to the general practice, and give proper notice of the application unless there is some extremely urgent necessity to justify a departure from the rule. Thus upon a suit by a minority stockholder to obtain a receiver on the ground of unwise management of the property by the corporate directors, the appellate court, in reversing the appointing order, said: 'Where notice can be given, it should be given, unless there is some imminent danger of loss or great damage, or irreparable injury, or the greatest emergency, or when by the giving of notice the very purpose of the appointment of a receiver would be rendered nugatory.'" 4 Pomeroy's Equity Jurisprudence, Section 1566.

The petition in this case did not allege such threatened action by the officers and directors of the corporation, or set forth a situation or emergency which authorized the appointment of a receiver without notice and hearing.

Under the circumstances, as disclosed by the record in this case, the corporation was clearly en-

titled to a hearing before a receiver could be properly appointed to take over the management of the corporation, and the appointment of a receiver, under the circumstances disclosed, was clearly improper and a gross abuse of discretion, and the refusal of the court to grant the motion discharging the receiver was an error prejudicial to plaintiff in error.

Such ruling of the court is reversed, and the cause is remanded to the common pleas court, with directions to forthwith grant said motion discharging said receiver.

*Judgment reversed and cause remanded.*

FUNK, P. J., and PARDEE, J., concur.